UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

FILED
OCT 0 6 2010
CLERK U.S. BANKRUPTCY,
ORLANDO DIVISION

In re:

STEPHEN FRIEND,

    Debtor.
_____/

Case No. 6:10-bk-06542-ABB
Chapter 7

TREASA FRIEND,

    Plaintiff,

v.

STEPHEN FRIEND,

    Defendant.
_____/

Adv. Pro. No. 6:10-ap-00188-ABB

## MEMORANDUM OPINION AND ORDER

A pretrial conference was held on October 5, 2010 at which the Plaintiff Treasa Friend and the Defendant/Debtor Stephen Friend appeared *pro se*. Plaintiff filed a Complaint against Debtor asserting the obligations of the parties' Final Judgment of Dissolution of Marriage are nondischargeable pursuant to 11 U.S.C. Section 523(a)(5). The parties agree to the entry of a judgment in favor of Plaintiff.

*Final Judgment of Dissolution of Marriage*

The Florida State Court entered a Final Judgment of Dissolution of Marriage on May 30, 1991 (Doc. No. 1) ("Judgment") requiring the Debtor to pay Plaintiff alimony of $94.00 per week, plus Clerk's costs of 3% of said payment, with payment to commence on May 31, 1991 and to continue until Plaintiff remarries or dies, or the Debtor dies, or until further order of the State Court.

The Judgment sets forth the Debtor owes a legal duty of support to the parties' three children and is obligated to pay child support. The Judgment does not delineate the child support terms. The Judgment approves and incorporates the parties' Separation and Property Settlement Agreement, which presumably details the child support terms, but a copy of such document was not presented.

The Debtor filed a Chapter 7 petition on April 19, 2010. Plaintiff filed the Complaint asserting alimony arrearages of $14,400.00 are outstanding and are nondischargeable. She requests reimbursement of the adversary proceeding filing fee of $250.00 asserting the Debtor's financial statements reflect an ability to pay such fee.

Plaintiff's Complaint is governed by 11 U.S.C. Sections 523(a)(5) and 523(a)(15). Section 523(a)(5) provides any debt constituting a "domestic support obligation" is not dischargeable. Section 101(14A) defines "domestic support obligation as a debt that is owed to or recoverable by a spouse that is "in the nature of alimony, maintenance, or support . . . of such spouse" and established by "a separation agreement, divorce decree, or property settlement agreement . . . ." 11 U.S.C. § 101(14A).

Section 523(a)(15), as enacted by BAPCPA, provides a discharge does not discharge an individual debtor from any debt:

> to a spouse, former spouse, or child of the debtor and not of the kind described in paragraph [523(a)] (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, or a determination made in accordance with State or territorial law by a governmental unit.

11 U.S.S. § 523(a)(15). BAPCPA removed the balancing test from Section 523(a)(15) and made the distinction between domestic support obligations and other obligations

arising from a divorce immaterial in a dischargeability analysis. 4 COLLIER ON BANKRUPTCY, ¶523.23, at 523-124 (16th ed. 2009).

The Debtor conceded in open Court the obligations relating to the parties' divorce are nondischargeable. The Debtor's child support and alimony obligations contained in the Judgment are nondischargeable by operation of law pursuant to Sections 523(a)(5) and 523(a)(15) of the Bankruptcy Code.

The Judgment does not include a cost recovery provision where a party takes action to enforce the terms of the Judgment. Plaintiff has not established a basis for an award of the adversary proceeding filing fee. Plaintiff's request for an award of $250.00 is due to be denied.

Accordingly, it is

**ORDERED, ADJUDGED and DECREED** that the child support and alimony obligations owed by the Debtor to Plaintiff pursuant to the Final Judgment of Dissolution of Marriage entered on May 30, 1991 are nondischargeable pursuant to 11 U.S.C. Sections 523(a)(5) and 523(a)(15); and it is further

**ORDERED, ADJUDGED and DECREED** that Plaintiff's request for an award of $250.00 is hereby **DENIED**.

A separate Judgment consistent with these findings and conclusions shall be entered contemporaneously.

Dated this 6th day of October, 2010.

ARTHUR B. BRISKMAN
United States Bankruptcy Judge